UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRICIA B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02640-TWP-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Tricia B. appeals the Social Security Administration's denial of her application for disability insurance benefits. Plaintiff's single objection to the Administrative Law Judge's decision is that the ALJ did not properly evaluate her subjective symptom complaints. However, as the Commissioner points out in detail, Plaintiff's argument is based almost exclusively on boilerplate recitations of law. Plaintiff makes no effort to apply the law to the facts of her own case. Thus, her argument is undeveloped and effectively waived. Regardless, even if the Court gives Plaintiff leeway and considers her argument sufficiently developed, Plaintiff still has not demonstrated that remand is necessary. The ALJ appropriately considered Plaintiff's subjective allegations in the context of the full record, and substantial evidence supported the ALJ's findings. Therefore, Plaintiff's request for remand should be denied. [Filing No. 11.]

**II.     Background**

On April 10, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 1, 2017. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2017, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: asthma with chronic obstructive pulmonary disease (COPD) and morbid obesity. [Filing No. 7-2, at ECF p. 14.] At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.

Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except "she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; can never climb ladders, ropes, or scaffolds; and must avoid all exposure to extreme cold, extreme heat, humidity, fumes, odors, dust, gases and poor ventilation." [Filing No. 7-2, at ECF p. 17.] At step four, the ALJ concluded that Plaintiff could perform past relevant work as a collection clerk, insurance clerk, and customer complaint clerk. Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.     Discussion

Plaintiff's only argument on appeal is that the ALJ failed to apply SSR 16-3p and provided no explanation as to why Plaintiff's statements regarding her impairments, difficulties, and limitations in functioning should not be given full and fair evaluation. [Filing No. 11, at ECF p. 16.] The regulations describe a two step-process for evaluating a plaintiff's subjective symptoms. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain"; and second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009) (internal citations omitted).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. [Filing No. 7-2, at ECF p. 19.] Plaintiff claims that the ALJ's decision is inadequate and contrary to the requirements of 16-3p. [Filing No. 11, at ECF p. 16.] However, this is the extent of original content in Plaintiff's argument. Plaintiff's counsel simply reiterates boilerplate legal quotations and makes absolutely no attempt to connect her argument to the specifics of Plaintiff's case. Plaintiff failed to explain or argue how any alleged error actually impacted Plaintiff's RFC or the ALJ's finding. *See, e.g., Wise v.*

3

*Colvin*, No. 1:14-v-988-SEB-MJD, 2015 WL 1969364, at *5 (S.D. Ind. Apr. 30, 2015) ("As the Supreme Court has noted, the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.  In addition, the ALJ in this case concluded his opinion at step four.  Hence, at all phases of the sequential evaluation process in this case the burden was on Plaintiff to show that she was disabled." (Internal citations and quotation marks omitted)).

This is hardly the first time the Court has pointed out to Plaintiff's counsel that she effectively waived her argument because it was so undeveloped. *See, e.g., Tina B. v. Saul*, No. 1:20-CV-00881-DLP-JRS, 2021 WL 1884427, at *9 (S.D. Ind. May 11, 2021) ("While Tina lists the factors that an ALJ should consider according to SSR 16-3p, and contends that the ALJ did not comply with that SSR, Tina fails to apply any of the factors to the evidence of her case to demonstrate that a more robust discussion of the factors would have supported a different outcome, and the Court declines to manufacture that discussion for the Plaintiff. Because this credibility argument is perfunctory and undeveloped, the Court deems it waived."). *See also Larry B. v. Saul*, No. 1:19-CV-01131-DML-JPH, 2020 WL 4809477, at *4 (S.D. Ind. Mar. 24, 2020) ("Larry's argument that the ALJ did not adequately articulate his evaluation of Larry's subjective statements is very limited, and it does not demonstrate that the ALJ erred. He states that the ALJ did not adequately address Larry's activities of daily living because the ALJ 'failed to consider that [Larry's] activities were considerably less strenuous than he suggested.' (Dkt. 9 at p. 20). This argument does not point to any particular evidence that the ALJ failed to consider, and it is so skeletal that it properly may be treated as waived.").

Moreover, the Commissioner expressly argued in her response brief that Plaintiff's single, conclusory argument was waived, because she failed to point to any allegation, limitation, or

evidence that the ALJ overlooked.  [Filing No. 13, at ECF p. 5.]  In addition, the Commissioner went through a detailed analysis of the ALJ's decision, noting that the ALJ evaluated multiple relevant factors in finding that Plaintiff's symptoms limited her to sedentary work, with additional restrictions.  Yet Plaintiff still failed to draw any link between the alleged error and the ALJ's decision or otherwise address the Commissioner's argument in her reply.  This failure to explain how the alleged error harmed Plaintiff—after the Commissioner specifically flagged that issue—further undermines her argument, just as it did in another case the Court recently addressed.[1]  *See, e.g.,* Magistrate Judge's Report and Recommendation, *Shelia D. v. Kijakazi*, No. 1:22-cv-48-JPH-TAB (S.D. Ind. Oct. 14, 2022), ECF No. 15 (noting counsel's argument for the plaintiff was undermined when the Commissioner expressly called her out for failing to explain how the alleged error impacted RFC, yet the plaintiff still failed to address the Commissioner's argument in reply).  *See also Fair Housing Center of Central Indiana, Inc. et al v. Rainbow Realty Group, Inc. et al*, No. 1:17-cv-1782-JMS-TAB, 2022 WL 6158365, at *2 (S.D. Ind. Oct. 7, 2022) ("Relatedly, '[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits the point.'"  (*quoting Mwangangi v. Nielsen*, 48 F. 4th 816, 832 (7th Cir. 2022)).

Even if the Court granted Plaintiff substantial leeway and did not consider her argument waived, remand is still not appropriate.  The ALJ reasonably evaluated the consistency of Plaintiff's subjective statements with the rest of the evidence in the record.  The ALJ considered

---

[1] In addition, the Court specifically cautioned Plaintiff's counsel to cease filing her cookie cutter *pro forma* reply brief back in February 2022.  *See, e.g., Sharee M. v. Kijakazi*, No. 1:20-CV-03214-JMS-MG, 2022 WL 557125, at *4, n. 5 (S.D. Ind. Feb. 24, 2022) (cautioning counsel to cease practice of filing the same cookie-cutter reply brief that does not specifically address arguments raised by the Commissioner).  Nevertheless, Plaintiff filed that same 3-page cookie cutter reply in the present matter in April 2022, almost two months after the *Sharee M.* decision.

Plaintiff's subjective reports in her function report, as well as her testimony at the hearing, but found that the relevant medical evidence in the record aligned with the assessed RFC. The ALJ's decision indicates that she reviewed pulmonary function testing, emergency department records, consultative examinations, and Plaintiff's treatment with her pulmonologist, Dr. Bright, for asthma. [Filing No. 7-2, at ECF p. 18-19.] Based on the record, the ALJ reasonably determined that the medical evidence, including Plaintiff's course of treatment and objective examination findings, did not support her allegations of disabling symptoms. Because the ALJ provided substantial support for her subjective symptom analysis, and Plaintiff has not shown otherwise, remand is not warranted.

## IV. Conclusion

Plaintiff failed to properly develop her argument regarding the ALJ's subjective symptom assessment. This alone supports denying her request for remand. In addition, the ALJ's findings were supported by substantial evidence. For all these reasons, Plaintiff's request for remand [Filing No. 11] should be denied. Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/10/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email